# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHERRELL, | Case No. 1:22-cv-00043-DAD-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE |
| v. | |
| 420 KINGDOM, | **FOURTEEN-DAY DEADLINE** |
| Defendant. | |

Plaintiff Dennis Sherrell ("Plaintiff") is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## BACKGROUND

On January 11, 2022, Plaintiff filed a complaint in this action. (ECF No. 1.) However, Plaintiff did not file an application to proceed *in forma pauperis*, or pay the filing fee. Accordingly, on January 12, 2022, the Court ordered Plaintiff to file an application to proceed *in forma pauperis* or pay the filing fee within thirty days, i.e., March 14, 2022. (ECF No. 2.) On February 11, 2022, the order was returned as undeliverable and unable to forward. The Court attempted re-service by mail on February 17, 2022. However, on March 15, 2022, the mail was returned as undeliverable and noting Plaintiff was no longer at the address on file with the Court. To date, Plaintiff has not submitted any filings or paid the filing fee in this matter.

## II.

## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

## III.

## DISCUSSION

Here, Plaintiff's application to proceed *in forma pauperis* is overdue, he has not paid the filing fee for this action, and he has failed to comply with the Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  Pagtalunan v. Galaza, 291 F.3d

639, 643 (9th Cir. 2002).   However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as here.   <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.   <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132–33; <u>Henderson</u>, 779 F.2d at 1424.   The Court's January 12, 2022 order expressly warned Plaintiff that his failure to comply with the Court's order would result in a dismissal of this action.   (ECF No. 8.)   Although it appears from the file that Plaintiff's copy of the order was returned, Plaintiff was properly served.   It is Plaintiff's responsibility to keep the Court apprised of his current address at all times.   Thus, pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.   Accordingly, the Court finds Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.   Plaintiff has not paid the filing fee, and will likely attempt to proceed *in forma pauperis* in this action, apparently making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

## IV.

### FINDINGS AND RECOMMENDATION

Based on the foregoing, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court order, failure to pay the filing fee, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of   28 U.S.C. § 636(b)(l).   **Within fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.   The document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file

2  objections within the specified time may result in the waiver of the "right to challenge the

3  magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir.

4  2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

5

6  IT IS SO ORDERED.

7  Dated:   **March 23, 2022**                              _____

8                                                            UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28